**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RETINA-X STUDIOS, LLC, a Florida
limited liability company,

                  Plaintiff,

vs.                                    Case No.  3:13-cv-897-J-34PDB

ADVAA, LLC, a California limited liability
company,

                  Defendant.
_____/

## O R D E R

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  On January 9, 2014, Plaintiff, Retina-X

Studios, LLC, filed Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 28; Motion),

which the Court granted on January 14, 2014 (Doc. No. 29; January 14, 2014 Order).  At that

time, the amended complaint attached to the Motion became the operative pleading (Doc.

No. 28-1).  Later on January 14, 2014, Plaintiff filed Plaintiff's Amended Motion for Leave to

Amend Complaint (Doc. No. 30; Amended Motion), and attached to the Amended Motion the

Amended Complaint for Trademark Infringement and Unfair Competition; Injunctive Relief;

Jury Trial Requested (Doc. No. 30-1).  The Court granted the Amended Motion on January

15, 2014 (Doc. No. 31; January 15, 2014 Order).[1]  On January 16, 2014, the Clerk of the

Court filed Doc. No. 30-1 as a standalone docket entry (Doc. No. 32; Amended Complaint).

The Amended Complaint, which asserts claims for trademark infringement and unfair

---

[1] In granting the Amended Motion, the Court noted that "[t]he only apparent difference between
the already allowed amended complaint and the newly proposed amended complaint is that the latter is
verified and the former is not."  January 15, 2014 Order at 1.

competition against Defendant, ADVAA, LLC, is now the operative pleading in this action. See generally Amended Complaint. Plaintiff effectuated service of process of the Amended Complaint upon Defendant on January 14, 2014.  See Notice of Filing Proof of Serving Amended Complaint on Defendant, ADVAA, LLC (Doc. No. 35).   On February 5, 2014, Plaintiff filed Plaintiff's Third Motion and Memorandum for Preliminary Injunction or in the Alternative a Permanent Injunction Against Defendant ADVAA, LLC (Doc. No. 36).

To date, Defendant has not filed an answer or otherwise made an appearance in this case.  Accordingly, on February 10, 2014, upon motion of Plaintiff, the Clerk of the Court entered a Default against Defendant in this matter.  See Plaintiff's Motion for Clerk's Default Against Defendant ADVAA, LLC (Doc. No. 40);  Entry of Default (Doc. No. 41). In light of Defendant's default, the Court is of the view that the better course of action is to allow Plaintiff to pursue its request for permanent injunctive relief by filing a motion for default judgment with respect this claim.  In that manner, the Court can proceed directly to the merits of this action.[2]  In the event Plaintiff is not prepared to address the matter of damages at this time, Plaintiff may request that the Court bifurcate the issues of liability and entitlement to injunctive relief from the calculation of damages.[3]  In light of the foregoing, it is hereby

---

[2] Additionally, proceeding in this fashion will obviate the need for duplicative proceedings regarding preliminary and permanent relief, as well as the need for an injunction bond under Federal Rule of Civil Procedure 65(c).

[3] "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."   United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.  See SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

**ORDERED**:

1.    Plaintiff's Third Motion and Memorandum for Preliminary Injunction or in the Alternative a Permanent Injunction Against Defendant ADVAA, LLC (Doc. No. 36) is taken under advisement.

2.    Plaintiff is directed to promptly file a motion for default judgment against Defendant on the Amended Complaint for Trademark Infringement and Unfair Competition; Injunctive Relief; Jury Trial Requested (Doc. No. 32).

**DONE AND ORDERED** at Jacksonville, Florida on February 18, 2014.

**MARCIA MORALES HOWARD**
United States District Judge


lc18

Copies to:

Counsel of Record

Unrepresented Parties