**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RETINA-X STUDIOS, LLC, a Florida
limited liability company,

                Plaintiff,

vs.                                          Case No. 3:13-cv-897-J-34PDB

ADVAA, LLC, a California limited liability
company,

                Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 66; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on August 21, 2014. In the Report, Judge Barksdale recommends that Bitex Group, Ltd.'s Motion to Intervene as Defendant (Dkt. No. 45; Motion to Intervene) be granted; Defendant ADVAA's Motion to Set Aside Default (Dkt. No. 56; Motion to Set Aside Default) be granted; Plaintiff's Second Motion for Default Final Judgment Against Defendant ADVAA, LLC (Dkt. No. 44; Motion for Default Judgment) be denied as moot; the Clerk of Court be directed to terminate Plaintiff's Third Motion and Memorandum for Preliminary Injunction or in the Alternative a Permanent Injunction Against Defendant ADVAA, LLC (Dkt. No. 36; Motion for Preliminary Injunction); and the parties be directed to file a case management report within 30 days of the Court's order on the pending motions. See Report at 30.

On September 4, 2014, Plaintiff filed objections to the Report. See Plaintiff Retina-X Studios, L.L.C.'s Objection to Magistrate Judge's Report and Recommendation of August

21, 2014 (Dkt. No. 67; Objection). In the Objection, Plaintiff disagrees with certain characterizations of the record made by Judge Barksdale in the Report.[1] Additionally, Plaintiff objects to Judge Barksdale's recommendation that the Court set aside the default entered against ADVAA in this action. See Objection at 5-8.[2] However, Plaintiff does not suggest that Judge Barksdale applied the wrong legal standard in considering either the Motion to Intervene or the Motion for Default Judgment.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in Judge Barksdale's Report, the Court will overrule the Objection, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. In doing so, the Court observes that

---

[1] For example, in sections II. - V., Plaintiff objects as follows:
II. Binding all Defendants through injunctive relief is not an "in concert" theory
III. MOBILE SPY is Presumed Distinctive Due to its Status as a Registered Mark
IV. Objection to Description of the Amended Complaint
V. Plaintiff does not concede that Bitex has obtained a legally protectable interest in the MSPY mark

See generally Objection.

[2] Defendants have not yet responded to the Objection. However, the Court determines that a response is not necessary at this time.

Plaintiff's objections to Judge Barksdale's characterizations of the record, for the most part, are irrelevant to the substantive issues resolved by Judge Barksdale in the Report. More importantly, the Court concludes that Judge Barksdale's recommended resolution of the Motion to Intervene and the Motion to Set Aside Default result from a correct application of the appropriate analytical legal framework and an accurate assessment of the relevant record. While Plaintiff disagrees with Judge Barksdale's conclusions, it has simply failed to show them to be legally or factually incorrect. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Retina-X Studios, L.L.C.'s Objection to Magistrate Judge's Report and Recommendation of August 21, 2014 (Dkt. No. 67) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 66) is **ADOPTED**.

3. Bitex Group, Ltd.'s Motion to Intervene as Defendant (Dkt. No. 45) is **GRANTED**.

4. Defendant ADVAA's Motion to Set Aside Default (Dkt. No. 56) is **GRANTED**.

5. Plaintiff's Second Motion for Default Final Judgment Against Defendant ADVAA, LLC (Dkt. No. 44) is **DENIED AS MOOT**.

6. The Clerk of Court is **DIRECTED** to terminate Plaintiff's Third Motion and Memorandum for Preliminary Injunction or in the Alternative a Permanent Injunction Against Defendant ADVAA, LLC (Dkt. No. 36).

7. The parties are **DIRECTED** to confer and determine whether an amended pleading should be filed to properly reflect the alignment of the parties and the claims before the Court. Further, the parties shall file a notice advising the Court of their determination no later than **October 6, 2014**.

8. The parties are further **DIRECTED** to complete a case management conference and file a case management report on or before **October 20, 2014**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record